UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE,<br>Plaintiff,<br>v.<br>U.S. DEPARTMENT OF JUSTICE,<br>Defendant. | Civ. A. No. 26-2928 (CKK) |

**ANSWER**

Defendant U.S. Department of Justice ("DOJ" or "the Department"), by and through undersigned counsel, respectfully submits the following Answer to Plaintiff's Complaint dated August 20, 2026 (the "Complaint"), ECF No. 1, in this Freedom of Information Act ("FOIA") case.

Defendant responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendant answers as follows:

## COMPLAINT FOR INJUNCTIVE RELIEF[1]

1. This paragraph consists of Plaintiff's characterization of this lawsuit and requests for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

2. This paragraph consists of Plaintiff's characterization of its own FOIA request and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

3. This paragraph consists of a conclusion of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegation.

4. This paragraph consists of Plaintiff's characterization of this lawsuit and request for relief, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

## JURISDICTION AND VENUE

5. This paragraph consists of a legal conclusion regarding jurisdiction to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction subject to the terms and limitations of the FOIA and pursuant to 5 U.S.C. § 552(a)(4)(B).

6. This paragraph consists of a legal conclusion regarding venue to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B).

[1] For ease of reference, Defendant refers to the Complaint's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

## PARTIES

7. Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations in this paragraph.

8. Defendant admits that it is a federal agency within the meaning of 5 U.S.C. § 552(f)(1), is headquartered in Washington, D.C., and that the Federal Bureau of Investigation ("FBI") and Criminal Division ("CRM") are two of its components. The remainder of this paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

## ALLEGATIONS

**The Risk of Ballot Seizure to the 2026 Midterm Elections**

9. This paragraph consists of Plaintiff's characterization of purported background information that is immaterial and impertinent to this FOIA lawsuit, to which no response is required. The allegations should be stricken from the Complaint pursuant to Rule 12(f).

10. This paragraph consists of Plaintiff's characterization of purported background information that is immaterial and impertinent to this FOIA lawsuit, to which no response is required. The allegations should be stricken from the Complaint pursuant to Rule 12(f).

11. This paragraph consists of Plaintiff's characterization of purported background information that is immaterial and impertinent to this FOIA lawsuit, to which no response is required. The allegations should be stricken from the Complaint pursuant to Rule 12(f).

12. This paragraph consists of Plaintiff's characterization of purported background information that is immaterial and impertinent to this FOIA lawsuit, to which no response is required. The allegations should be stricken from the Complaint pursuant to Rule 12(f).

13. This paragraph consists of Plaintiff's characterization of purported background information that is immaterial and impertinent to this FOIA lawsuit, to which no response is required. The allegations should be stricken from the Complaint pursuant to Rule 12(f).

14. This paragraph consists of Plaintiff's characterization of purported background information that is immaterial and impertinent to this FOIA lawsuit, to which no response is required. The allegations should be stricken from the Complaint pursuant to Rule 12(f).

15. This paragraph consists of Plaintiff's characterization of purported background information that is immaterial and impertinent to this FOIA lawsuit, to which no response is required. The allegations should be stricken from the Complaint pursuant to Rule 12(f).

16. This paragraph consists of Plaintiff's characterization of purported background information that is immaterial and impertinent to this FOIA lawsuit, to which no response is required. The allegations should be stricken from the Complaint pursuant to Rule 12(f).

**Removal of Justice Department Guardrails Against Ballot Seizure**

17. This paragraph consists of Plaintiff's characterization of purported background information that is immaterial and impertinent to this FOIA lawsuit, to which no response is required. The allegations should be stricken from the Complaint pursuant to Rule 12(f).

18. This paragraph consists of Plaintiff's characterization of purported background information that is immaterial and impertinent to this FOIA lawsuit, to which no response is required. The allegations should be stricken from the Complaint pursuant to Rule 12(f).

19. This paragraph consists of Plaintiff's characterization of purported background information that is immaterial and impertinent to this FOIA lawsuit, to which no response is required. The allegations should be stricken from the Complaint pursuant to Rule 12(f).

20. This paragraph consists of Plaintiff's characterization of purported background information that is immaterial and impertinent to this FOIA lawsuit, to which no response is required. The allegations should be stricken from the Complaint pursuant to Rule 12(f).

21. This paragraph consists of Plaintiff's characterization of purported background information that is immaterial and impertinent to this FOIA lawsuit, to which no response is required. The allegations should be stricken from the Complaint pursuant to Rule 12(f).

22. This paragraph consists of Plaintiff's characterization of purported background information that is immaterial and impertinent to this FOIA lawsuit, to which no response is required. The allegations should be stricken from the Complaint pursuant to Rule 12(f).

**Democratic National Committee Voter Protection and Election Litigation**

23. This paragraph consists of Plaintiff's characterization of their own organization and purported background information that is immaterial and impertinent to this FOIA lawsuit, to which no response is required. The allegations should be stricken from the Complaint pursuant to Rule 12(f). To the extent a response is deemed required, Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations.

24. This paragraph consists of Plaintiff's characterization of their own organization and purported background information that is immaterial and impertinent to this FOIA lawsuit, to which no response is required. The allegations should be stricken from the Complaint pursuant to Rule 12(f). To the extent a response is deemed required, Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations.

25. This paragraph consists of Plaintiff's characterization of their own organization and purported background information that is immaterial and impertinent to this FOIA lawsuit, to which no response is required. The allegations should be stricken from the Complaint pursuant to

Rule 12(f). To the extent a response is deemed required, Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations.

26. This paragraph consists of Plaintiff's characterization of their own organization and purported background information that is immaterial and impertinent to this FOIA lawsuit, to which no response is required. The allegations should be stricken from the Complaint pursuant to Rule 12(f). To the extent a response is deemed required, Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations.

27. This paragraph consists of Plaintiff's characterization of their own organization and purported background information that is immaterial and impertinent to this FOIA lawsuit, to which no response is required. The allegations should be stricken from the Complaint pursuant to Rule 12(f). To the extent a response is deemed required, Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations.

28. This paragraph consists of Plaintiff's characterization of their own organization and purported background information that is immaterial and impertinent to this FOIA lawsuit, to which no response is required. The allegations should be stricken from the Complaint pursuant to Rule 12(f). To the extent a response is deemed required, Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations.

29. This paragraph consists of Plaintiff's characterization of their own organization and purported background information that is immaterial and impertinent to this FOIA lawsuit, to which no response is required. The allegations should be stricken from the Complaint pursuant to Rule 12(f). To the extent a response is deemed required, Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations.

30. Defendant admits that the FBI and CRM received FOIA requests from Plaintiff in February 2026. The rest of this paragraph consists of Plaintiff's characterizations of their requests, to which no response is required. Defendant respectfully refers the Court to copies of the requests for a complete and accurate statement of their contents, and denies all remaining allegations contained in this paragraph inconsistent therewith.

31. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

32. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

33. This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations. The FBI issued a letter dated March 27, 2026, denying Plaintiff's FOIA request.

**Department of Justice: Federal Bureau of Investigation**

34. Defendant admits the FBI received a FOIA request on February 7, 2026, that was dated February 6, 2026, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies all remaining allegations contained in this paragraph inconsistent therewith.

35. This paragraph consists of Plaintiff's characterizations of their FOIA request to the FBI, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies all remaining allegations contained in this paragraph inconsistent therewith.

36. This paragraph consists of Plaintiff's characterizations of their FOIA request to the FBI, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies all remaining allegations contained in this paragraph inconsistent therewith.

37. Defendant admits Exhibit 1 appears to be a copy of the FOIA request submitted to the FBI.

38. Defendant admits that the FBI sent Plaintiff a letter dated February 18, 2026, acknowledging receipt of its FOIA request and assigning it tracking number 1719295-000. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to a copy of that letter for a complete and accurate statement of its contents, and denies all remaining allegations contained in this paragraph inconsistent therewith.

39. Defendant admits that the FBI sent Plaintiff a letter dated March 27, 2026, denying Plaintiff's FOIA request. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to a copy of that letter for a complete and accurate statement of its contents, and denies all remaining allegations contained in this paragraph inconsistent therewith.

40. Defendant admits that Plaintiff sent an email dated March 31, 2026, to the FBI's Public Information Officer regarding its request. Defendant denies that the FBI "refused to engage" and avers that the FBI sent Plaintiff two emails dated April 1, 2026, providing it more information about how to submit a proper FOIA request. The emails speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to a copy of those

emails for a complete and accurate statement of their contents, and denies all remaining allegations contained in this paragraph inconsistent therewith.

41. Defendant admits that Plaintiff sent an administrative appeal of the FBI's response to the Department's Office of Information Policy ("OIP") on April 21, 2026. The appeal speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to a copy of the appeal for a complete and accurate statement of its contents, and denies all remaining allegations contained in this paragraph inconsistent therewith.

42. Defendant admits that OIP sent Plaintiff a letter dated April 21, 2026, acknowledging receipt of its administrative appeal, and assigning it tracking number A-2026-01211.

43. Defendant admits that, as of the date of the Complaint, the FBI and OIP have sent no further communications to Plaintiff regarding the FOIA request sent to the FBI.

44. Defendant admits that the FBI has not released any records to Plaintiff in connection with their FOIA request. Defendant denies it is in violation of FOIA's statutory deadlines as the FBI properly issued a final determination within the relevant deadlines.

45. This paragraph consists of a conclusion of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

46. This paragraph consists of a conclusion of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**Department of Justice: Criminal Division**

47. Defendant admits the CRM received a FOIA request on February 9, 2026, that was dated February 6, 2026, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to a copy of that request for a complete and accurate

statement of its contents, and denies all remaining allegations contained in this paragraph inconsistent therewith.

48. This paragraph consists of Plaintiff's characterizations of their FOIA request to CRM, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies all remaining allegations contained in this paragraph inconsistent therewith.

49. This paragraph consists of Plaintiff's characterizations of their FOIA request to CRM, to which no response is required. The request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents, and denies all remaining allegations contained in this paragraph inconsistent therewith.

50. Defendant admits Exhibit 4 appears to be a copy of the FOIA request submitted to CRM.

51. Defendant admits that the CRM sent Plaintiff a letter dated February 12, 2026, acknowledging receipt of its FOIA request and assigning it tracking number CRM-302409760. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to a copy of that letter for a complete and accurate statement of its contents, and denies all remaining allegations contained in this paragraph inconsistent therewith.

52. Defendant admits that CRM issued an acknowledgement letter. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to a copy of that letter for a complete and accurate statement of its contents, and denies all remaining allegations contained in this paragraph inconsistent therewith.

53. Defendant admits that the Civil Rights Division ("CRT") issued an acknowledgement letter. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to a copy of that CRT letter for a complete and accurate statement of its contents, and denies all remaining allegations contained in this paragraph inconsistent therewith.

54. Defendant admits that, as of the date of the Complaint, CRM and CRT have sent no further communications to Plaintiff regarding its FOIA request. As to OIP, Defendant denies. OIP sent Plaintiff a letter dated February 19, 2026, acknowledging receipt of its FOIA request, and assigning it tracking number FOIA-2026-01738. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to a copy of that OIP letter for a complete and accurate statement of its contents, and denies all remaining allegations contained in this paragraph inconsistent therewith.

55. Defendant admits that CRM, CRT, and OIP have not released any records to Plaintiff in connection with their FOIA request.

56. This paragraph consists of a conclusion of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

57. This paragraph consists of a conclusion of law, to which no response is required.

**CLAIM FOR RELIEF**

**Count I: Freedom of Information Act, 52 U.S.C. § 552[2]**

58. Defendant incorporates its responses to paragraphs 1–57 as if set forth fully herein.

---

[2] Defendant notes that the correct citation to the FOIA statute is 5 U.S.C. § 552.

59. This paragraph consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## PRAYER FOR RELIEF

The allegations in the final section of the Complaint constitute Plaintiff's requests for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Defendant alleges the following affirmative defenses to the Complaint. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of litigation.

### FIRST DEFENSE

Plaintiff is not entitled to compel production of any records that FOIA, 5 U.S.C. § 552, or another federal law exempts from disclosure.

### SECOND DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees under 5 U.S.C. § 552(a)(4)(E).

### THIRD DEFENSE

Defendant has not unlawfully withheld any records within the meaning of the FOIA, 5 U.S.C. § 552.

### FOURTH DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under the FOIA, 5 U.S.C. § 552.

**FIFTH DEFENSE**

This action should be dismissed to the extent Plaintiff's FOIA requests fail to reasonably describe the records sought, would be unduly burdensome to process or otherwise do not satisfy the requirements of FOIA for a valid request.

Dated: September 28, 2026
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Devin Iorio*

DEVIN IORIO, D.C. Bar No. 90028306
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street, NW
Washington, DC 20530
202- 252-0840

*Attorneys for the United States of America*